## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **LONZELL DEMETRIC GOWDY,** Petitioner | **CASE NO. 1:18-CV-01190-P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **CALVIN JOHNSON,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Lonzell Demetric Gowdy ("Gowdy") (#25354-001). Gowdy is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Gowdy challenges the calculation of his sentence by the BOP.

Because Gowdy's exhausted claim seeks federal credit for time that was credited toward his state sentence or for time in which Gowdy was not incarcerated, his petition should be dismissed. To the extent Gowdy seeks credit that was not yet denied by the BOP, his claim should be dismissed without prejudice for lack of jurisdiction.

## I.    Background

While Gowdy was in the custody of the State of Mississippi, he was transported to the Northern District of Alabama pursuant to a writ of habeas corpus *ad prosequendum*. In accordance with a plea agreement, Gowdy was convicted in the United States District Court for the Northern District of Alabama of conspiracy to

distribute 500 grams or more of cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 841(A)(1) and 846. (7:05-CR-318, N.D. Al., Doc. 15).  Gowdy was classified as a career offender and sentenced to 156 months of imprisonment on December 15, 2005. (7:05-CR-318, N.D. Al., Doc. 23).

Following sentencing, Gowdy was returned to the custody of the State of Mississippi with a federal detainer against him.  The State of Mississippi received the federal detainer, but the detainer was then lost.  See United States v. Gowdy, 628 F.3d 1265, 1266 (11th Cir. 2010).  Gowdy was released on another detainer issued by the State of Alabama because of charges pending in that state.  The State of Alabama never received the federal detainer, so it released Gowdy after he served his Alabama sentence.  See id.

Once federal officials realized the mistake, a bench warrant was issued for Gowdy's arrest.  The United States Deputy Marshal assigned to the case contacted Gowdy and informed him that he owed time on the federal conviction.  Gowdy was instructed to report to Birmingham, Alabama to begin service of his federal sentence. Id. at 1267.  Gowdy failed to turn himself in, and he left Alabama for Mississippi. Several months later, Gowdy was arrested by U.S. Marshals.  Id.

Gowdy was indicted on one count of escaping federal custody.  Gowdy argued at trial that he was never in federal custody, so he could not be guilty of the offense. Id.  Gowdy was convicted, and the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.  Id.

Gowdy filed a motion to vacate the drug conviction, which was denied. (7:16-CV-8023 N.D. Al., Doc. 7).

In 2012, Gowdy filed an administrative remedy seeking credit toward his federal sentence from January 2006 through March 26, 2009. The request was denied because Gowdy was in primary state custody from January 2006 through his general release on September 16, 2008. Gowdy was not incarcerated again until he was arrested by the United States Marshals Service on March 27, 2009. Thus, it was determined that Gowdy was not entitled to any federal credit for the dates requested. (Doc. 1-3, p. 21). Gowdy appealed to the regional level, which denied his request. Gowdy alleges he appealed to the national level, but he did not receive a response due to a prison transfer. (Doc. 5).

Gowdy filed another administrative grievance in 2017, seeking a *nunc pro tunc* designation for time served in state custody from January 25, 2005, through December 12, 2007. (Doc. 1-3, p. 23). Gowdy withdrew his grievance because he was told that the issue would be corrected.

II.  <u>Law and Analysis</u>

Gowdy claims that he has been in primary federal custody since the writ of habeas corpus *ad prosequendum* was executed because the Mississippi relinquished its jurisdiction over Gowdy at that time. (Doc. 1-2, p. 5). Gowdy maintains he

remained in exclusive federal custody and is entitled to federal credit since the date the writ was executed.[1]

A petitioner seeking relief under § 2241 must first exhaust his administrative remedies through the BOP.  See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief).  An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances." See Castano v. Everhart, 235 F. App'x 206, 207 (5th Cir. 2007) (citing Fuller, 11 F.3d at 62).  The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. See Fuller 11 F.3d at 62.

Gowdy filed an administrative remedy in 2012, specifically seeking credit from January 2006 through March 26, 2009.  (Doc. 5).  Gowdy alleges he appealed to the national level, but never received the final denial due to a transfer.  (Doc. 5).  The request was denied at the lower levels because Gowdy was in primary state custody from January 2006 through his general release on September 16, 2008.  Gowdy was

---

[1]As noted above, Gowdy made the exact opposite argument when appealing his escape conviction.  Gowdy argued that "throughout his state custody, until and after his release, he was not in federal custody."  United States v. Gowdy, 628 F.3d 1265, 1267 (11th Cir. 2010).  Gowdy claimed that he was exclusively in the custody of the State of Mississippi and then the State of Alabama. Id.

not incarcerated again until he was arrested by the United States Marshal Service on March 27, 2009.  Thus, it was determined that Gowdy was not entitled to any federal credit from January 2006 through March 26, 2009.  (Doc. 1-3, p. 21).

Assuming Gowdy exhausted to the national level as alleged, the determination made on the claim raised in Gowdy's 2012 grievance is correct.  Title 18 U.S.C. § 3585(b) provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).  Gowdy received credit toward his state sentences until he was mistakenly released.  Gowdy is not entitled to credit for time in which he was not incarcerated.

Additionally, under § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  Gowdy's temporary physical transfer to federal authorities pursuant to the writ of habeas corpus *ad prosequendum* did not transfer primary jurisdiction from the state to federal authorities.  "A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Stokes v. Upton, 4:13-CV-1000, 2014 WL 711932, at *2 (N.D. Tex. Feb. 23, 2014) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980)).

5

Gowdy was loaned to federal authorities, prosecuted on drug charges, and returned to the State of Mississippi.  Primary jurisdiction was not changed.

Gowdy filed another administrative remedy in 2017, specifically seeking a *nunc pro tunc* designation of the Rankin County Jail as the place where Gowdy served a portion of his federal sentence, from January 25, 2005 to December 12, 2007.  Gowdy withdrew the grievance because a prison official sent an email to the computation department to resolve the matter.  (Doc. 5).  The issue was not resolved to Gowdy's satisfaction, but he did not resubmit the administrative grievance.  Gowdy does not specifically request *nunc pro tunc* designation in his § 2241 petition.  However, to the extent Gowdy seeks a *nunc pro tunc* designation, Gowdy must give the BOP the opportunity to address his request.  Likewise, if Gowdy wishes to raise any other perceived computation error, he must first exhaust the claim through the Bureau of Prisons.

## III.  Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Gowdy's § 2241 petition—to the extent it was properly exhausted—be **DENIED and DISMISSED with prejudice.**  Any unexhausted claims should be dismissed without prejudice for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___14th___ day of December, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge